# In the United States Court of Federal Claims

No. 21-1864C
(Filed: January 31, 2022)
**NOT FOR PUBLICATION**

```
***************************************
LAUNA GOLDDEEN OGBURN,          *
                                *
            Plaintiff,          *
                                *
v.                              *
                                *
THE UNITED STATES,              *
                                *
            Defendant.          *
                                *
***************************************
```

## OPINION AND ORDER

Plaintiff Launa Golddeen Ogburn — proceeding *pro se* — seeks backpay and other monetary compensation from the United States, plus certain forms of equitable relief. *See* Compl. at 2–4 (ECF 1). Defendant moves to dismiss "because the statutes and regulations she cites are not money-mandating." *See* Mot. to Dismiss at 4 (ECF 8) ("Mot."); *see also id.* at 5–6 (seeking dismissal because "Ms. Ogburn does not identify a substantive provision of law, regulation, or the Constitution that can fairly be construed as mandating compensation, and we are not aware of any provision that would mandate payment to Ms. Ogburn").[1] The motion is **DENIED**. But Ms. Ogburn is **ORDERED** to file an amended complaint as described below.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims against the federal government, most commonly claims for money as provided by the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Because the Tucker Act is only "a jurisdictional statute [that] does not create any substantive right enforceable against the United States for money damages," *United States v. Testan*, 424 U.S. 392, 398 (1976) (citing *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 605–07 (1967)), parties asserting Tucker Act jurisdiction must "identify a

---

[1] Ms. Ogburn has filed an opposition, *see* Opp. (ECF 11), and the government has filed a reply, *see* Reply (ECF 12). Today the Court received a document from Ms. Ogburn captioned "Notice re – Missing Certificates of Service." The document shall be **FILED** by my leave. To the extent Ms. Ogburn seeks any relief, it is **DENIED**.

substantive right for money damages against the United States, separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) (citing *Testan*, 424 U.S. at 398). That requires a "money mandating" source of law, *i.e.*, a statute or regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained and is reasonably amenable to the reading that it mandates a right of recovery in damages." *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quotes and citations omitted) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983), and *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003)).

The government may well be correct that some of the sources of law Ms. Ogburn cites are not money-mandating. Yet the Complaint also mentions the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, which *is* money-mandating. *See* Compl. at 2; *Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014). Ms. Ogburn's opposition brief, moreover, mentions 5 U.S.C. § 5332, which establishes the General Schedule of basic pay rates for federal employees. *See* Opp. at 4. That statute is likely money-mandating as well. *See McAllister v. United States*, 105 Fed. Cl. 180, 183 (2012); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). The government's assertions that "the statutes and regulations [Ms. Ogburn] cites are not money-mandating" and that "Ms. Ogburn does not identify a substantive provision of law … that can fairly be construed as mandating compensation" are thus flatly belied by the record. *See* Mot. at 4–5. The government cannot simply wish away money-mandating statutes expressly cited in the plain text of Ms. Ogburn's filings.

More broadly, although "*pro se* litigants are not excused from meeting jurisdictional requirements," *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)), they are "entitled to a liberal construction of [their] pleadings." *See Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). Where a basis for jurisdiction is evident, this Court has even accepted jurisdiction over *pro se* complaints that fail to cite the relevant money-mandating law. *See id*. In this case, where Ms. Ogburn plainly seeks back pay — a common request in this Court — it would not be proper to dismiss merely because she has not identified the exact legal basis for recovery as precisely as a lawyer would.

By the same token, it would be premature to dismiss Ms. Ogburn's requests for equitable relief. *See* Mot. at 6–7. This Court may, "as an incident of and collateral to" a money judgment, "issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records" when needed to "provide an entire remedy and to complete the relief afforded by the judgment." 28 U.S.C. § 1491(a)(2). Defendant is correct that "the Court of

Federal Claims does not have jurisdiction to issue a writ of mandamus[.]" *Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 999 (Fed. Cir. 2017). But if Ms. Ogburn were to prevail on a claim for money, the *substance* of the equitable relief she requests — such as correction of her employment records — may be appropriate. Compl. at 4.

The real problem with Ms. Ogburn's Complaint — which the government only mentions in passing, Mot. at 5 — is that it does not explain the *facts* that entitle her to money. A complaint in this Court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" RCFC 8(a)(2). The allegations need not be "detailed," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), but must be "sufficient …, [when] accepted as true, to 'state a claim to relief that is plausible on its face,'" *id.* (quoting *Twombly*, 550 U.S. at 570). In this case, the Complaint requests several forms of compensation and describes Ms. Ogburn's past efforts to obtain that compensation. Compl. 2–4. It does not, however, provide facts "showing that [she] is entitled to" the compensation. RCFC 8(a)(2). For example, although Ms. Ogburn claims that she is entitled to back pay and a disability annuity at a certain pay grade, Compl. at 2, the Complaint does not disclose the *reasons* she was entitled to payment at the requested grade, nor the difference between what she was entitled to and what she received.

When a complaint is "so vague or ambiguous that [the government] cannot reasonably prepare a response," this Court may order the plaintiff to provide a "more definite statement." *See* RCFC 12(e); *see also Geospatial Tech. Assocs., LLC v. United States*, No. 16-346C, 2020 WL 4436332, at *4 (Fed. Cl. May 21, 2020) (citing *Pinson v. U.S. Dep't of Justice*, 975 F. Supp. 2d 20, 26 (D.D.C. 2013), and *Gal-Or v. United States*, 93 Fed. Cl. 200, 205 (2010)). That is the appropriate course here. Ms. Ogburn is **ORDERED** to file, no later than **March 2, 2022**, an amended complaint that includes a "short and plain statement" of facts showing why she is entitled to each item of compensation she seeks. The motion to dismiss is **DENIED** without prejudice.

**IT IS SO ORDERED**.

                                                  s/ Stephen S. Schwartz
                                                  STEPHEN S. SCHWARTZ
                                                  Judge