# In the United States Court of Federal Claims

No. 21-1864C
(Filed: August 9, 2022)
**NOT FOR PUBLICATION**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| LAUNA GOLDDEEN OGBURN, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## OPINION AND ORDER

Plaintiff Launa Golddeen Ogburn — proceeding *pro se* — seeks monetary and equitable relief from the United States. *See* Am. Compl. at 2–4 (ECF 16); Compl. (ECF 1). After I denied the government's original motion to dismiss and ordered Plaintiff to amend her pleadings, *see* Order (ECF 14), Plaintiff filed her amended complaint and the government filed a new motion to dismiss. *See* Def.'s Mot. to Dismiss (ECF 22); Pl.'s Resp. (ECF 23); Def.'s Reply (ECF 24).[1] The motion is **GRANTED**, and the case is **DISMISSED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims against the federal government, most commonly money claims under the Tucker Act. *See*, *e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). This Court lacks jurisdiction over claims for money when Congress enacts a "comprehensive remedial scheme" assigning jurisdiction elsewhere. *See Horne v. Dep't of Agric.*, 569 U.S. 513, 527 (2013). This Court also lacks jurisdiction over claims outside the statute of limitations — six years, unless a statute provides otherwise. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132 (2008); 28 U.S.C.

---

[1] On June 13, 2022, the Court received a document from Ms. Ogburn captioned "Unidentified Spell Check Corrections to Response," and on June 17, 2022, the Court received a new version of Ms. Ogburn's response to Defendant's motion to dismiss, both of which shall be **FILED** by my leave. To the extent either document seeks any additional relief, it is **DENIED**.

§ 2501. The burden is on Plaintiff to establish jurisdiction. *Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (2013).

The government may move to dismiss based on facts showing that jurisdiction does not exist. *See, e.g.*, *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014). When the government does so, only unchallenged factual allegations in the complaint are accepted as true. *Id.* "[W]hen considering a motion to dismiss where the jurisdictional facts in the complaint … are challenged," this Court can find the relevant facts itself. *Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999).

Plaintiff's claims arise from her federal employment and subsequent retirement. It appears that Plaintiff left federal employment in 2012. *See Ogburn v. Merit Sys. Prot. Bd.*, 750 F. App'x 990, 990 (Fed. Cir. 2018). She filed suit in 2021, more than six years later. *See* Compl. (ECF 1). Any claims based on the time when Plaintiff was employed, or on the circumstances of her retirement, are therefore outside the statute of limitations. As a result, this Court lacks jurisdiction over those claims, and they must be dismissed.

Plaintiff's remaining claims involve the calculation and payment of retirement benefits after she left federal employment. Federal employee retirement benefits are governed by two systems: the Civil Service Retirement System ("CSRS"), 5 U.S.C. §§ 8331–8351, and the Federal Employees Retirement System ("FERS"), 5 U.S.C. §§ 8401–8479. *Agee v. United States*, 77 Fed. Cl. 84, 91 (2007). Plaintiff characterizes her claim as requesting benefits under FERS. *See, e.g.*, Compl. at 2, 4; Am. Compl. at 3–4 (ECF 16), 13 (ECF 16-1). The exact characterization does not matter, however, because this Court does not have jurisdiction over claims based on either system. *Agee*, 77 Fed. Cl. at 92. Both systems include their own internal review processes that displace this Court's jurisdiction.

*Pro se* plaintiffs like Ms. Ogburn are "entitled to a liberal construction of [their] pleadings." *See Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). To the extent Plaintiff intended to bring any claims involving anything other than her employment, retirement, or retirement benefits, she has not stated a claim upon which relief can be granted. *See* RCFC 12(b)(6).

## CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss is **GRANTED**.

The Clerk is directed to enter judgment accordingly.


**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge